In re: **BEST BUY CO., INC., PRICE MATCH MARKETING AND SALES PRACTICES LITIGATION.**

**MDL No. 2129.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 5, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN *, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER, Judges of the Panel.

**ORDER DENYING TRANSFER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiff in an action in the Southern District of New York has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Southern District of New York. Plaintiffs in the other three actions, who are represented by the same counsel as moving plaintiff, support the motion in its entirety. Defendants [1] oppose centralization and, al-

---

\* Judge Hansen took no part in the decision of this matter.

1. Best Buy Stores, L.P., and Best Buy Co., Inc. (collectively Best Buy).

ternatively, suggest centralization in the District of Minnesota.

This litigation currently consists of four actions pending as follows: an action each in the Central District of California, the Northern District of Illinois, the District of New Jersey, and the Southern District of New York, as listed on Schedule A.

At oral argument, counsel for plaintiffs contended that centralization was needed, in part, because of the limits placed on the sharing of discovery under a protective order in the first-filed New York *Jermyn* action. In response, counsel for defendants stated that she was willing to revisit the issue of discovery sharing among the actions (including revising the negotiated protective order in *Jermyn*) and, more generally, to cooperate in coordinating the resolution of the actions. Thus, the existence of the protective order itself does not support centralization.

The putative classes in the actions now before us are not expected to overlap. The New York case was filed some eighteen months prior to any of the others, and Judge McMahon has already certified a statewide class. There is little to be gained by including this case in any order of centralization. As to the others, counsel for plaintiffs observed that he would likely seek certification of only statewide classes. Because all plaintiffs are represented by common counsel and the defendants assured at oral argument that they intend to cooperate in reducing duplicative discovery, centralization is not necessary to achieve cooperation and is not the optimal course.

The actions do share some common factual questions regarding Best Buy's marketing practices and its "price match guarantee." In different circumstances, we might centralize cases such as these. For the reason stated, however, movant has failed to convince us that these common factual questions are sufficiently complex and/or numerous to justify Section 1407 transfer under the circumstances before us. We encourage the parties to follow through on pursuing alternatives to transfer to minimize whatever possibilities may arise of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

MDL No. 2129 — **IN RE: BEST BUY CO., INC., PRICE MATCH MARKETING AND SALES PRACTICES LITIGATION**

*Central District of California*

*Duc Truong, et al. v. Best Buy Stores, L.P., et al.,* C.A. No. 8:09–997

*Northern District of Illinois*

*Todd Laff v. Best Buy Stores, L.P., et al.,* C.A. No. 1:09–6649

*District of New Jersey*

*Joseph Disanto v. Best Buy Stores, L.P., et al.,* C.A. No. 2:09–4727

*Southern District of New York*

*Thomas Jermyn v. Best Buy Stores, L.P.,* C.A. No. 1:08–214